**KARLA E. PAINTER**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E. Front Street, Suite 401
Missoula, MT 59802
Phone:     (406) 542-8851
FAX:       (406) 542-1476
E-mail:    Karla.Painter@usdoj.gov

**ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**HARVEY ALVIN HUGS,**<br><br>Defendant. | CR-23-06-BLG-SPW-TJC<br><br><br>**OFFER OF PROOF** |

## THE CHARGE

Defendant Harvey Hugs is charged by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This offense carries a sentence of up to ten years of imprisonment, a $250,000 fine, and three years of supervised release.

1

## PLEA AGREEMENT

Hugs intends to plead guilty without a plea agreement. (Doc. 23). In the government's view, an open plea is the most favorable resolution for Hugs as he will retain his appeal rights. *See Missouri v. Frye*, 566 U.S. 134, 145-46 (2012).

## ELEMENTS OF OFFENSE

To satisfy the elements of being a convicted felon in possession of a firearm, the United States would have to prove the following beyond a reasonable doubt:

<u>First</u>, the defendant knowingly possessed a firearm;

<u>Second</u>, the firearm had been transported from one state to another;

<u>Third</u>, at the time the defendant possessed the firearm, he had been convicted of a crime of violence punishable by imprisonment for a term exceeding one year; and

<u>Fourth</u>, at the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

*14.16 Firearms—Unlawful Possession—Convicted Felon (18 U.S.C. § 922(g)(1).*

## FORFEITURE

The indictment includes a forfeiture allegation which applies to the following items:

- Winchester, model 70, .270 caliber bolt-action rifle, SN G2264064.
- Savage, model 112, 7 mm caliber bolt action rifle, SN F924857.
- Assorted ammunition.

2

Because there is no plea agreement, the United States respectfully requests the Court inquire at the change of plea hearing whether Hugs is admitting to the forfeiture allegation and consequently abandoning all right and title to the above-described items pursuant to 18 U.S.C. § 924(d).

## PROOF

If called upon to prove this case at trial, the United States would present the following evidence:

On June 25, 2002, Harvey Hugs was convicted of felony involuntary manslaughter in United States District Court for the District of Montana. He was sentenced to 27 months with the Bureau of Prisons. On May 28, 2014, Hugs was sentenced in Big Horn County, Montana for two separate felony cases: first, criminal endangerment for which he received an active five-year commitment to the Montana Department of Corrections (DOC); and second, driving under the influence of alcohol for which he received a suspended five-year DOC commitment to run consecutively to the criminal endangerment sentence.

On March 3, 2021, law enforcement executed a search warrant at Hugs' residence in Hardin, Montana. During a pat down search, an officer located a live .270 caliber bullet and a cell phone in Hugs' front right pocket. The phone contained a video from October 26, 2020, depicting Hugs sitting in the driver's seat of a vehicle and shooting a rifle out the window. In the home officers located

3

various calibers of live firearm ammunition.  In Hugs' white Chevrolet Silverado there was a Winchester, Model 70 .270 caliber rifle loaded with two rounds and 24 spent .270 caliber shells.  In Hugs' red Chevrolet Silverado officers found a Savage Model 112, 7mm rifle, two boxes of live 7mm bullets, and a box of spent .270 shells.

Alcohol, Tobacco, Firearms, and Explosives Special Agent Phil Swain inspected the Winchester and Savage rifles and determined they were manufactured in Connecticut and Massachusetts, respectively, and had thus travelled in interstate commerce.

The government submits this evidence would prove beyond a reasonable doubt all the elements of the sole count of the indictment.

Respectfully submitted this 13th day of September 2023.

                                      JESSE A. LASLOVICH
                                    United States Attorney

                                    */s/ Karla E. Painter*
                                    KARLA E. PAINTER
                                    Assistant U.S. Attorney