**KARLA E. PAINTER**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT  59807**
**101 East Front Street, Suite 401**
**Missoula, MT 59802**
**Phone:        (406) 542-8851**
**FAX:          (406) 542-1476**
**E-mail:       Karla.Painter@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 23-6-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **HARVEY ALVIN HUGS,** | |
| **Defendant.** | |

The United States, represented by Assistant U.S. Attorney Karla E. Painter, files this memorandum in anticipation of the sentencing hearing scheduled for January 24, 2024.

## INTRODUCTION

The defendant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report (PSR) had calculated the defendant's advisory guideline range at 37 to 46 months based on a criminal history category of V and a total offense level of 15. PSR ¶ 87. There are no outstanding objections to the PSR (*PSR Addendum*), and a Final Order of Forfeiture was issued on December 5, 2023. Doc. 37. Restitution is not applicable in this case. PSR ¶ 97. The government respectfully requests this Court impose a sentence at the top of the guideline range running concurrently to Hugs's 36-month sentence imposed by the South Dakota United States District Court. PSR ¶ 55.

## THE OFFENSE

Harvey Hugs has been prohibited from possessing firearms since 2002—at the latest[1]—when he was convicted of federal felony involuntary manslaughter. PSR ¶ 43. 18 U.S.C. § 922(g)(1). When he committed this offense, Hugs was also prohibited based on a felony DUI conviction for which he was still serving the suspended portion of a Montana Department of Corrections commitment. PSR ¶¶ 52-53. Despite this, Hugs not only illegally possessed firearms, but he also used them to kill eagles and then sell them for profit. PSR ¶¶ 7-9, 55. Hugs engaged in

---

[1] Hugs has two prior misdemeanor convictions for Domestic Abuse from 1995 (PSR ¶ 33) and 1997 (PSR ¶ 34) which potentially prohibited him from possessing firearms under 18 U.S.C. § 922(g)(9).

this conduct for over a year and sold multiple parts from slain eagles to the same informant. *Id*.

When law enforcement executed a search warrant of Hugs's property they recovered various calibers of ammunition in his home; a loaded Winchester rifle, spent shells, rimfire ammunition, and eagle parts in his white Chevrolet Silverado; and a Savage rifle, two boxes of live ammunition, spent shells, and eagle feathers in his red Chevrolet Silverado.  PSR ¶ 9.

In total, body parts from 21 different eagles were recovered in this criminal investigation.  PSR ¶ 55.  While it is unknown how many eagles Hugs took by shooting or trapping, the location, type, and amount of evidence reflects his criminal enterprise was expansive and protracted.

For the sale and shipment of the eagle parts to the informant, Hugs was charged in United States District Court for the District of South Dakota.  PSR ¶ 55. Hugs elected to proceed to a jury trial and was convicted on three counts of violating the Bald and Golden Eagle Protection Act.  *Id*.  He was sentenced to 12 months with the Bureau of Prisons on each count with that time running consecutively.  *Id*.  Hugs was also ordered to pay restitution in the amount of $70,000, but he has appealed that aspect of his judgment.  Op. Br., *United States v. Harvey Hugs*, No. 23-2609 (8th Cir. Dec. 11, 2023).

## SENTENCING RECOMMENDATION

As a preliminary matter, the United States notes that pursuant to USSG §5G1.3(b), Hugs's sentence here will run concurrently to the three-year sentence

he received out of South Dakota, because his crimes there have been deemed relevant conduct to his present offense. *PSR Addendum*. Thus, the only inquiry this Court need determine is the appropriate sentence in this matter. As explained below, a term at the top of Hugs's guideline range is appropriate.

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;

- promote respect for the law;

- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) sets forth additional considerations for the Court when imposing an appropriate sentence. "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" and the "kinds of sentences available" should be considered. 18 U.S.C. §§ 3553(a)(1), (3). The Court should

4

similarly consider the sentencing guidelines and policy statements, as well as "the need to avoid unwarranted sentencing disparities."  18 U.S.C. §§ 3553(a)(4)-(6).

Nearly all these factors warrant a sentence at the top of the guideline range.

This is a serious offense warranting a significant punishment.  Hugs did not merely illegally possess firearms; he used them to kill eagles and support an expansive criminal trade from which he profited.  Hugs knew he was prohibited from possessing firearms because he had a previous federal felony conviction and was serving the suspended portion of a state felony sentence.  He knew he could not sell eagle parts because he was prosecuted, convicted, and incarcerated for that same conduct.  Specifically, Hugs was charged in this Court in 2012 for coordinating the purchase of eagle feathers, tails, wings, and two hawk tails.  PSR ¶ 52.  Hugs served six months in custody for that offense yet was not deterred from returning to and expanding the same criminal enterprise.

Hugs's lack of respect for the law is evident from the facts and circumstances of this case as well as his extensive history.  Hugs is no stranger to the criminal justice system, a relevant consideration for several sentencing factors.  His offenses date back nearly 40 years and include numerous acts of violence (PSR ¶¶ 33, 34, 42, 45, 46, 47, 51), extremely dangerous conduct (PSR ¶¶ 29, 31, 54, 53), and an involuntary manslaughter conviction.   PSR ¶ 43.  Hugs did not

perform well on the supervised release portion of that sentence and was ultimately revoked for again driving under the influence of alcohol.  *Id.*

Hugs's disdain for the law as well as the safety and rights of others is further highlighted by his numerous convictions for obstructing a peace officer (PSR ¶¶ 29, 32, 36, 38, 49), disorderly conduct (PSR ¶¶ 28, 30, 35, 36, 50, 51), and criminal trespass (PSR ¶¶ 39, 41, 44, 48).

All told, Hugs has now accumulated convictions for 28 misdemeanors and 8 felonies.  PSR ¶¶ 3, 28-55.  Notably, Hugs has only maintained two significant periods without accruing new criminal convictions; both were on the heels of him receiving significant custodial sentences and each concluded with Hugs committing new felonies.  PSR ¶¶ 43-48, 54-55.

Even now, while incarcerated on one federal felony conviction and facing additional time for another, Hugs appears to have been untruthful with the PSR writer about his previous alcohol consumption and marijuana.  PSR ¶¶ 75-76. As such, it appears a lengthy period of incarceration is the only way to achieve the sentencing objectives set forth in 3553(a).

## CONCLUSION

The United States respectfully requests this Court impose a custodial term of 41 months followed by three years of supervised release, running concurrently to

Hugs's federal South Dakota conviction detailed in PSR ¶ 55.  This disposition is in accord with the 3553(a) factors and is sufficient but not greater than necessary.

DATED this 9th day of January 2024.

JESSE A. LASLOVICH
United States Attorney

*/s/ Karla E. Painter*
KARLA E. PAINTER
Assistant U.S. Attorney